## Montgomery Ward & Co. v. United States

No. 4612.—Invoice dated Berlin, Germany, May 4, 1937.
Certified May 7, 1937.
Entered at Denver, Colo., June 8, 1937.
Entry No. 486.

(Decided June 23, 1939)

G. W. R. Wallace (Barnes, Richardson & Colburn, Joseph Schwartz of counsel) for the plaintiffs.
Webster J. Oliver, Assistant Attorney General (Richard F. Weeks, special attorney), for the defendant.

Keefe, Judge: This reappraisement was brought against advances by the appraiser upon certain meat choppers imported from Germany.

At the trial counsel for the importer moved to vacate the appraisement on the ground that the number of packages designated for examination was not in accordance with the terms of the statute, section 499, Tariff Act of 1930. The motion was noted on the record and the case subsequently submitted.

Section 499, act of 1930, provides as follows:

* * * The collector shall designate the packages or quantities covered by any invoice or entry which are to be opened and examined for the purpose of appraisement or otherwise and shall order such packages or quantities to be sent to the public stores or other places for such purpose. Not less than one package of every invoice and not less than one package of every ten packages of merchandise, shall be so designated unless the Secretary of the Treasury, from the character and description of the merchandise, is of the opinion that the examination of a less proportion of packages will amply protect the revenue and by special regulation permit a less number of packages to be examined. * * *

The merchandise imported herein consisted of twelve cases containing five different kinds of meat choppers, variously priced. The collector's designation of packages to be examined reads as follows: "Ten percent," and the place of examination is noted as "Importer's premises." The appraiser has indicated upon the summary sheet that cases 1 to 12 were examined by him. The Customs Regulations of 1931 and T. D. 45936 provide as follows:

Art. 307 (c) The collector shall designate on the permit and on the summary sheet (Customs Form 6417), the packages to be examined and may, if he deems it necessary, indicate them on the entry. * * *
Art. 308 (b) Under the head of "For examination" collectors will designate the packages to be examined by marks and numbers, if any, and the place where the examination is to be made.

Clearly in the case before us the collector has neither designated the packages to be examined nor indicated the marks and numbers thereof,

in accordance with the mandatory regulations of the Secretary of the Treasury and the provisions of section 499.

In the case of *Carey & Skinner* v. *United States*, 16 Ct. Cust. Appls. 382, T. D. 43118, the collector noted upon each of fifty-one entries. covering smoked meats that the imported goods named therein were to be examined by the appraiser at "Greene Street," which was the American Railway Express Co. terminal. All of the goods were then examined by the appraiser at "Greene Street." No particular packages were designated for examination, but the entire shipment. However, it was held that the mandatory duty is imposed upon the collector by the statute to designate one package in ten, or more, of the imported goods for examination, and that a failure to do so vacates any appraisement made of the goods by the appraiser.

The motion of the plaintiff to set aside and vacate the appraisement as null and void is hereby granted.

Judgment will be entered accordingly.